```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
New Fortune Inc.,                     :
                                      :
                      Plaintiff,      :        20cv4883 (DLC)
            -v-                       :
                                      :                ORDER
Apex Logistics International (CN)     :
Ltd., and Aeroflot Airlines,         :
                                      :
                      Defendants.     :
                                      :
--------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff New Fortune Inc. ("New Fortune") filed this action on June 25, 2020, against defendants Apex Logistics International (CN) Ltd. ("Apex") and Aeroflot Airlines ("Aeroflot").  The complaint describes Apex as a Chinese corporation and Aeroflot as a Russian corporation.  On July 8, New Fortune filed a letter representing that formal service on the defendants would take over a year, due in part to the coronavirus pandemic.  New Fortune requests that the Court authorize substituted service under Rule 4(f), Fed. R. Civ. P.

Rule 4(f) authorizes courts to direct service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" or "by other means not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(2), (3).  A court is afforded wide discretion in ordering service of process under Rule 4(f)(3).  See Rio Props.,

Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).  An order for alternative service must comply with due process requirements, which call for notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Beyond that, "[a]s long as court-directed and not prohibited by an international agreement," service of process may be ordered under Rule 4(f)(3) even if the method of service is in contravention of the laws of the foreign country.  Freedom Watch, Inc. v. Org. of the Petrol. Exporting Countries, 766 F.3d 74, 84 (D.C. Cir. 2014).

A plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief.  Instead, [a plaintiff] need[s] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."  Rio Props., 284 F.3d at 1016.  Where such intervention is warranted, courts have found various alternative methods of service appropriate. See id. at 1016-18 (service on counsel defendant had consulted regarding the suit); Ultra Records, LLC v. Chee Yee Teoh, No. 16cv9996 (DLC), 2017 WL 1753485, at *2 (S.D.N.Y. Apr. 18, 2017) (email); In re Terrorist Attacks on September 11, 2001, 718 F. Supp. 2d 456, 490-91 (S.D.N.Y. 2010) (publication).  In

addition, it may be appropriate for a court to order service on a foreign defendant through U.S. counsel, even where such counsel has not been specifically authorized to receive service on behalf of the foreign defendant.  <u>Freedom Watch</u>, 766 F.3d at 83.

New Fortune's July 8 letter mentions the following possible forms of alternative service as to Apex: (1) mail to Apex affiliate doing business at John F. Kennedy International Airport ("JFK"), (2) mail to a California address that appeared on the invoice Apex issued to New Fortune, (3) mail to a New York state affiliate of Apex, and (4) service on a New Jersey attorney, Leon Garonski, who has represented to New Fortune that he serves as corporate counsel to Apex.  New Fortune suggests alternative service on Aeroflot could be accomplished by mail to an Aeroflot affiliate doing business at JFK.  Accordingly, it is hereby

ORDERED that New Fortune shall by **July 16, 2020** file a proposed order with a detailed description of alternative forms of service as to both defendants that New Fortune believes would satisfy the due process requirements described above.

Dated:    New York, New York
          July 9, 2020

_____
DENISE COTE
United States District Judge

3