UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NEW FORTUNE, INC.,                                                    :

                           Plaintiff,        :

                                  :   Case No.: 1:20-cv-04883 (DLC) (KNF)

            - against -                                :

                                  :

APEX LOGISTICS INTERNATIONAL (CN) LTD., :
AND AEROFLOT RUSSIAN AIRLINES              :

                                  :

                       Defendants.         :

                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER OF DEFENDANT AEROFLOT RUSSIAN AIRLINES
TO PLAINTIFF'S COMPLAINT**

Defendant AEROFLOT RUSSIAN AIRLINES ("Aeroflot") by and through its attorneys, CONDON & FORSYTH LLP, hereby answers Plaintiff's Complaint (the "Complaint") as follows:

1.      The allegations contained in Paragraph "1" of the Complaint consist of conclusions of law to which no response is required. To the extent that Paragraph "1" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a believe as to the truth of the allegations contained in Paragraph "1" except admits that this action arises out of an international shipment of cargo.

2.      The allegations contained in Paragraph "2" of the Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph "2" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint.

1

3.      Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint.

4.      Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5.      Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6.      Aeroflot denies the allegations contained in Paragraph "6" of the Complaint as stated except admits that Aeroflot is a foreign air carrier existing under the laws of Russia and is engaged in the business of transportation of passengers and cargo by air.

7.      The allegations contained in Paragraph "7" of the Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph "7" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "7" except admits that Plaintiffs' claims arise out of an international shipment of cargo and are governed by the Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada on May 18, 1999, *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734 (1999) (the "Montreal Convention").

8.      Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9.      Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10.      Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint.

15.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

17.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint.

21.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22.     The allegations contained in Paragraph "22" of the Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph "22" is intended to or could

be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24.     Aeroflot denies the allegations contained in Paragraph "24" of the Complaint except admits that the April 27, 2020 scheduled places of departure and arrival for Aeroflot Flight SU209 was Shanghai and Moscow, respectively.

25.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint.

26.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint.

27.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Complaint.

28.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint.

29.     The allegations contained in Paragraph "29" of the Complaint consist of conclusions of law to which no response is required and/or are not directed at Aeroflot.  To the extent that Paragraph "29" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Complaint.

30.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Complaint.

31.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32.     The allegations contained in Paragraph "32" of the Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph "32" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Complaint.

33.     The allegations contained in Paragraph "33" of the Complaint consist of conclusions of law to which no response is required and/or are not directed at Aeroflot.  To the extent that Paragraph "33" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Complaint.

34.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Complaint.

35.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Complaint.

36.     The allegations contained in Paragraph "36" of the Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph "36" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "36" of the Complaint.

37.     Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint.

38.    The allegations contained in Paragraph "38" of the Complaint consist of conclusions of law to which no response is required.  To the extent that Paragraph "38" is intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "38" of the Complaint.

39.    Answering Paragraph "39" of the Complaint, Aeroflot incorporates by reference its responses to Paragraphs "1" through "38," inclusive, of this Answer as if fully set forth herein.

40.    Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41.    Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Complaint.

42.    Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43.    Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.    The allegations contained in Paragraph "44" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "44" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "44" of the Complaint.

45.    The allegations contained in Paragraph "45" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "45" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a

specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "45" of the Complaint.

46.     Answering Paragraph "46" of the Complaint, Aeroflot incorporates by reference its responses to Paragraphs "1" through "45," inclusive, of this Answer as if fully set forth herein.

47.     The allegations contained in Paragraph "47" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "47" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "47" of the Complaint.

48.     The allegations contained in Paragraph "48" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "48" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "48" of the Complaint.

49.     The allegations contained in Paragraph "49" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "49" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "49" of the Complaint.

50.     The allegations contained in Paragraph "50" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "50" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "50" of the Complaint.

51.     Answering Paragraph "51" of the Complaint, Aeroflot incorporates by reference its responses to Paragraphs "1" through "50," inclusive, of this Answer as if fully set forth herein.

52.     The allegations contained in Paragraph "52" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "52" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "52" of the Complaint.

53.     The allegations contained in Paragraph "53" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "53" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "53" of the Complaint.

54.     The allegations contained in Paragraph "54" of the Complaint consist of conclusions of law to which no response is required and/or are not directed at Aeroflot.  To the extent that the allegations contained in Paragraph "54" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "54" of the Complaint.

55.     The allegations contained in Paragraph "55" of the Complaint consist of conclusions of law to which no response is required.  To the extent that the allegations contained in Paragraph "55" are intended to or could be construed as asserting factual allegations directed at Aeroflot and a specific admission or denial is deemed necessary, Aeroflot denies the allegations contained in Paragraph "55" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

56.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

57.     The transportation out of which the subject matter of this action arose was "international carriage" within the Montreal Convention and the rights of the parties are governed exclusively by the provisions of the Montreal Convention.

## THIRD AFFIRMATIVE DEFENSE

58.     Aeroflot is not liable to Plaintiff because Plaintiff failed to file a timely notice of claim pursuant to Article 31 of the Montreal Convention.

## FOURTH AFFIRMATIVE DEFENSE

59.     Aeroflot's liability, if any, to Plaintiff is limited by Article 22 of the Montreal Convention, which limits Plaintiff's recovery to 22 Special Drawing Rights per kilogram of cargo as set forth in the air waybill.

## FIFTH AFFIRMATIVE DEFENSE

60.     Aeroflot is not liable for Plaintiff's alleged damages because Aeroflot, its servants, and its agents took all measures that could reasonably be required to avoid the alleged damage or it was impossible for to take such measures.  *See* Montreal Convention, Art. 19.

## SIXTH AFFIRMATIVE DEFENSE

61.     All or part of the damages allegedly sustained by Plaintiff were contributed to and/or caused by the direct and proximate negligence of other parties or persons or their agents, employees who were in privity with Plaintiff and over whom Aeroflot had no control and for whose acts or omissions Aeroflot is not liable or responsible and, accordingly, in the event that Aeroflot is found to be liable, which liability is expressly denied, Aeroflot will be entitled to a

finding of comparative and/or contributory negligence or fault and, thereafter, indemnification, contribution or apportionment pursuant to the applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

62.    All or part of the damages allegedly sustained by Plaintiff were caused, in whole or in part, by the acts or omissions of other persons or entities or their agents, employees, over whom Aeroflot had no supervision or control, those acts or omissions being the sole and proximate cause or an intervening or superseding cause of any damages claimed by Plaintiff and, accordingly, in the event that Aeroflot is found to be liable, which liability is expressly denied, Aeroflot will be entitled to a finding of comparative and/or contributory negligence or fault and, thereafter, indemnification, contribution or apportionment pursuant to the applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

63.    Aeroflot is an "agency or instrumentality of a foreign state" within the meaning of 28 U.S.C. § 1603, and therefore is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of the United States, including the right to a non-jury trial.

WHEREFORE, Defendant Aeroflot Russian Airlines demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with all other relief which to this court may seem just and proper in the circumstances.

Dated:       New York, New York
             September 14, 2020

                                 Respectfully submitted,

                                 CONDON & FORSYTH LLP

                                 By _____
                                       Anthony U. Battista
                                       abattista@condonlaw.com

7 Times Square - 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453