UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                              :

NEW FORTUNE, INC.,                    :

                      :    **1:20-cv-04883 (DLC) (KNF)**

          Plaintiff,         :

                      :

          - against -       :

                      :

APEX LOGISTICS INTERNATIONAL (CN) LTD., :
AND AEROFLOT RUSSIAN AIRLINES    :

                      :

          Defendants.      :

                      :
------------------------------------------------------------- x

### DEFENDANT APEX'S REPLY
### <u>MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

                                    Respectfully submitted,
                                      Attorneys for Defendant
                                      Apex Logistics International (CN) Ltd.

By:             /s/ Timothy J. Nast
                      Timothy J. Nast (TN8578)
                      Tisdale Law Offices, LLC
                      200 Park Avenue, Suite 1700
                      New York, NY  10166
                      Tel:   212-354-0025
                      *tnast@tisdale-law.com*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES………………………………………………………………..ii

PRELIMINARY STATEMENT………………………………………………………………1

ARGUMENT……………………………………………………………………………...2

      I.      Plaintiff's Attempt to Re-Characterize its Claim as Non-Performance
            of a Contract does not Render the Montreal Convention Inapplicable…………2

      II.     Plaintiff's Legal Authorities are Readily Distinguishable………………………...3

              A.     "Bumping" Cases……………………………………………………3

              B.     Removal Jurisdiction……………………………………………...4

            C.     Plaintiff's State Law Causes of Action are not "Auxiliary" Issues……….5

      III.    The Allegedly Damaged Cargo is also Subject to the Montreal Convention……..6

      IV.    The Conflicting State Law Claims Plaintiff Alleges
           are Precisely Those Which the Montreal Convention Pre-Empts……………..6

      V.     Plaintiff's Remaining Contentions……………………………………………...9

CONCLUSION……………………………………………………………………………....9

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*AIG Prop. & Cas., Co. v. Fed. Express Corp.*,
    No. 15-CV-6316 (KBF), 2016 WL 305053 (S.D.N.Y. Jan. 25, 2016).......................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................6

*El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*,
    525 U.S. 155 (1999)...............................................................................5, 7

*Irabor v. Lufthansa Airlines*,
    427 F. Supp. 3d 222, (D. Mass. 2019)..........................................................4

*Jensen v. Virgin Atl.*,
    No. 12-CV-06227 YGR, 2013 WL 1207962 (N.D. Cal. Mar. 25, 2013)....................5

*Kamanou-Goune v. Swiss Intern. Airlines*,
    No. 08-cv-7153, 2009 WL 874600 (S.D.N.Y. March 27, 2009)...........................3, 4

*King v. American Airlines*,
    284 F.3d 352 (2d Cir.2002)......................................................................7, 8

*Mullaney v. Delta Air Lines, Inc.*,
    No. 08 CIV. 7324CMTHK, 2009 WL 1584899 (S.D.N.Y. June 3, 2009)...................4

*In re: Nigerian Charter Flight Contract Litigation*,
    520 F. Supp. 2d 447 (E.D.N.Y. 2007)...........................................................3

*Olympic Airways v. Husain*,
    540 U.S. 644 (2004)..................................................................................7

*Rocha v. Am. Jets, Inc.*,
    No. 14-60842-CIV, 2014 WL 12626317 (S.D. Fla. Nov. 17, 2014).....................4, 5

*Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*,
    522 F.3d 776 (7th Cir. 2008).....................................................................5, 6

*Weiss v. El Al Israel Airlines, Ltd.*,
    433 F. Supp. 2d 361 (S.D.N.Y. 2006),
    *aff'd sub nom. Weiss v. El Al Israel Airlines*,
    309 F. App'x 483 (2d Cir. 2009)..................................................................4

*Wolgel v. Mexicana Airlines*,
   821 F.2d 442 (7th Cir. 1987)…………………………………………………………...4

## <u>Other Sources</u>

S. Rep. No. 108-8, at 5 (2003)……………………………………………………………….8

Convention for the Unification of Certain Rules Relating to International Carriage by Air,
concluded at Montreal, Canada, opened for signature on May 28, 1999,
reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59,
1999 WL 33292734 (1999)…………………………………………………………………..9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

NEW FORTUNE, INC.,

                          Plaintiff,

          - against -

APEX LOGISTICS INTERNATIONAL (CN) LTD.,
AND AEROFLOT RUSSIAN AIRLINES

                          Defendants.

-----------------------------------------------------------------x

          1:20-cv-04883 (DLC) (KNF)

## DEFENDANT APEX'S REPLY
## MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant Apex Logistics International (CN) Ltd. ("Apex") through its counsel Tisdale Law Offices, LLC, submits this Reply Memorandum in Further Support of the Motion to Dismiss filed on behalf of Apex and Aeroflot Airlines on October 23, 2020 (ECF No. 25). This Reply is submitted on behalf of Apex only.

## PRELIMINARY STATEMENT

It is undisputed that all five claims in Plaintiff New Fortune, Inc.'s ("NFI") Amended Complaint seek damages for delay or damage to international carriage of cargo performed by aircraft. In Plaintiff's own words, it seeks damages "sustained by the Plaintiff as occasioned by the delay." (Am. Compl. ¶ 43, ECF No. 24). Both China and the United States are signatories to the Montreal Convention. Therefore, the Montreal Convention is Plaintiff's sole possible remedy against the Defendants.

In its attempt to avoid application of the Montreal Convention, Plaintiff attempts to re-frame its claim for delay as non-performance of a contract, cites cases where passengers were "bumped" off flights and offered no alternative transportation, and suggests that alleged damage

to 6 of 200 cartons of masks permits it to assert state law causes of action which are pre-empted by the Convention since they conflict with the Convention's liability and damage provisions. The allegations in Plaintiff's Amended Complaint that it contacted Apex to arrange for the transportation of the cargo via aircraft from China to the United States and that the cargo did indeed arrive at the destination (albeit late) require application of the Montreal Convention. Since the operative complaint only purports to assert pre-empted state law causes of action, it should be dismissed in its entirety.

## **ARGUMENT**

I.      **Plaintiff's Attempt to Re-Characterize its Claim as Non-Performance of a Contract does not Render the Montreal Convention Inapplicable**

As Plaintiff correctly notes, "Of course, generally speaking, one cannot dress up delay as nonperformance simply to avoid falling within the purview of the Convention." (ECF No. 30, p. 13). Then, without legal support, asserts "However, that logic is not applicable to a contract where delay would be tantamount to nonperformance…" (ECF No. 30, p. 13 boldface font removed). In support of its argument that the essence of the "contract" was delivery within two days, Plaintiff submits the Apex waybills and freight invoices. (ECF No. 30, Exs. A and B). These documents do not suggest that Apex promised to deliver the shipment by a date certain. In reality, this shipment was booked during the height of the first wave of the COVID-19 pandemic. Contrary to Plaintiff's assertion, the shipping charges for the shipment were in accordance with the market rates at that time and did not in any way vary based on expected time of delivery. Apex, or any other entity in the transportation business, was not in any position to guarantee expedited shipping by a date certain during that difficult time. Notably, Plaintiff did not attach any contract terms to its Opposition which could be read as a promise by Apex to deliver the goods by a certain date.

At this stage, the Court need not delve into the booking of the shipment because the Montreal Convention applies by its own force to this international air shipment of cargo between signatory nations.  The legal authorities Plaintiff cites do not support its argument that there was a complete non-performance of the contract which renders the Montreal Convention inapplicable. The Montreal Convention is Plaintiff's exclusive remedy and the Amended Complaint should be dismissed since it only purports to assert state law causes of action.

## II.      Plaintiff's Legal Authorities are Readily Distinguishable

The cases Plaintiff cites in its Opposition can be sorted into three groups: passenger "bumping" cases, state court removal cases, and cases which involved "auxiliary" issues which supplement the Montreal Convention.  Plaintiff does not cite any cases which support its proposition that, where international carriage of cargo between two Montreal Convention signatories has been delayed, the Montreal Convention is inapplicable because there was a non-performance of the contract.  Apex could find none.

### A.      "Bumping" Cases

In the *Nigerian Charter Flight Contract Litigation* case, the airline outright refused to fly the plaintiff-passengers and made no efforts to arrange alternative transportation.  *In re: Nigerian Charter Flight Contract Litigation*, 520 F. Supp. 2d 447, 450-451 (E.D.N.Y. 2007).  In that case, the airline stranded over 300 passengers in Lagos, Nigeria and was fined $350,000 for making no effort to find alternative transportation.  *Id.* at 451.  In this case, Plaintiff's Amended Complaint affirmatively pleads that the subject cargo arrived in New York late and that it seeks damages for the late delivery.  (ECF No. 24, ¶ 30, 43).

Likewise, in *Kamanou-Goune v. Swiss Intern. Airlines,* the air carrier refused to permit the plaintiff-passenger to board the flight in Africa, which required the plaintiff to purchase a new flight on a different air carrier.  No. 08-cv-7153, 2009 WL 874600, at *3 (S.D.N.Y. March 27,

3

2009); *see also Wolgel v. Mexicana Airlines*, 821 F.2d 442, 444-445 (7th Cir. 1987) (concluding that the Warsaw Convention does not apply to discriminatory bumping of passengers); *Mullaney v. Delta Air Lines, Inc.,* No. 08 CIV. 7324CMTHK, 2009 WL 1584899, at *1-*2 (S.D.N.Y. June 3, 2009) (holding that Montreal Convention pre-emption did not apply where the airline instructed the passengers to book passage on another airline and then refused to reimburse the passengers as it had promised to do); *Weiss v. El Al Israel Airlines, Ltd.,* 433 F. Supp. 2d 361, 369 (S.D.N.Y. 2006), *aff'd sub nom. Weiss v. El Al Israel Airlines*, 309 F. App'x 483 (2d Cir. 2009) (holding that the Montreal Convention did not apply where passengers were bumped from a flight due to overbooking and were required to purchase a flight on another carrier).

It is clear from a reading of these cases Plaintiff cites that where an air carrier cancels or overbooks a flight and does not fly the passenger(s) at all, this is a non-performance of the contract of carriage.  The unequal bargaining power between stranded airline passengers and an airline carrier should also be considered.  Here, Plaintiff is a sophisticated business entity well experienced in importing goods from China for resale.  (Am. Compl. ¶3, ECF No. 24).  Put simply, the passengers in those cases did not receive **any** benefit of the bargain, i.e. air transportation. Here, Plaintiff's Amended Complaint concedes that the goods arrived 22 days Plaintiff expected them.  (Am. Compl., ¶ 30, ECF No. 24).  Therefore, these cases are of no assistance to Plaintiff.

### B.    Removal Jurisdiction

Plaintiff also cites non-binding cases which hold that the Montreal Convention does not provide a jurisdictional basis for removal to federal court under the complete pre-emption doctrine. *Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 233 (D. Mass. 2019) (granting the motion to remand because the Montreal Convention did not provide a basis for removal and because the record demonstrated that the defendant airline bumped the plaintiff from the flight and did not offer an alternative option); *Rocha v. Am. Jets, Inc.*, No. 14-60842-CIV, 2014 WL 12626317, at

4

*3–4 (S.D. Fla. Nov. 17, 2014); *Jensen v. Virgin Atl.,* No. 12-CV-06227 YGR, 2013 WL 1207962, at *1 (N.D. Cal. Mar. 25, 2013).  In those cases, the courts remanded the actions back to the state courts where they were initiated.  These cases do not authorize a plaintiff to assert state law claims for delay or damage to cargo transported by air between two Montreal Convention signatory nations.  They stand for the limited proposition that the Montreal Convention does not provide a basis for removal jurisdiction and do not militate against Defendants' argument that Plaintiff's state law claims are pre-empted.  Whether the Montreal Convention vests this Court with subject matter jurisdiction in connection with a notice of removal is not an issue in this case.

### C.    Plaintiff's State Law Causes of Action are not "Auxiliary" Issues

Another case upon which Plaintiff relies concluded that a state tortfeasor contribution statute was an "auxiliary issue" not addressed by the Convention.  *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.,* 522 F.3d 776, 781 (7th Cir. 2008).  The issue in *Sompo* was whether the Warsaw Convention pre-empted the Illinois Joint Tortfeasor Contribution Act.  In holding that the Illinois statute was not pre-empted, the court recognized that while the Warsaw Convention pre-empts inconsistent local laws, it does not pre-empt auxiliary issues such as setoff by the carrier, which it deemed "incidental to the causes of action available under the Convention."  *Id.* at 781.  Citing the Supreme Court's decision in *Tseng*, the Seventh Circuit noted that the Convention's concern with uniformity focuses on protecting the airlines from catastrophic judgments and ensuring them predictability in liability.  *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 157 (1999) ("Given the Convention's comprehensive scheme of liability rules and its textual emphasis on uniformity, the Court would be hard put to conclude that the Warsaw delegates meant to subject air carriers to the distinct, nonuniform liability rules of the individual signatory nations.").

The Seventh Circuit further reasoned that the airline's relationship to joint tortfeasors is merely an "auxiliary issue," and therefore uniformity under the Convention was less important. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 782 (7th Cir. 2008). Here, Plaintiff seeks damages under New York state law which directly conflict with the damages available under the Montreal Convention. Five state law causes of action which directly contravene the Convention's liability and damage provisions differ greatly from auxiliary issues such as tortfeasor contribution, which merely supplement the Convention in a consistent manner.

## III.   The Allegedly Damaged Cargo is also Subject to the Montreal Convention

Plaintiff alleges in its Amended Complaint that some of the cartons governed by the subject Waybill were damaged. However, this in no way affects application of the Montreal Convention. Article 18 governs alleged damage to cargo. Plaintiff suggests in its Opposition (not in its Amended Complaint) that perhaps the damage to these cartons was occasioned outside the confines of the airport. (ECF No. 30, note 10). However, Plaintiff does not plead facts in its Amended Complaint which suggest that the alleged damage to the crates occurred outside the airport. Other than conjecture in its memorandum of law, Plaintiff pleads no facts supporting this idea. This is insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that naked assertions devoid of factual enhancement are insufficient to survive a motion to dismiss under Rule 12(b)(6)). Assuming Plaintiff's allegations regarding damage to 6 cartons are true, the result is a claim for cargo damage under the Montreal Convention, Article 18.

## IV.   The Conflicting State Law Claims Plaintiff Alleges are Precisely Those Which the Montreal Convention Pre-Empts

Essentially, Plaintiff argues that because it understood that the subject shipment of medical masks would arrive in two days (Am. Compl. ¶ 45) and the masks arrived in 22 days (Am. Compl. ¶ 30) that this delay is actually a total non-performance of the contract which would permit it to

6

evade application of the Montreal Convention.  If a plaintiff could escape the Montreal Convention by pleading that the defendant failed to transport a passenger or cargo within the timeframe listed on the airline ticket or the waybill, then the Montreal Convention would be rendered meaningless. Using Plaintiff's reasoning, a carrier would face unlimited liability for part performance (delay), but limited liability for complete non-performance.  Taken to its logical conclusion, Plaintiff's reading of the Montreal Convention would permit any passenger who does not arrive at his or her destination within the estimated time of arrival on the ticket to sue the airline carrier for breach of contract since he or she could be said to have "bargained for" arrival at the estimated time, and be permitted to maintain a panoply of state law causes of action which directly contravene the Montreal Convention.  This is not the law.

Rather, the Supreme Court has held that the Warsaw Convention (now the Montreal Convention) precludes a passenger from seeking remedies in state court for injuries that fall within the scope of the Convention. *El Al Isr. Airlines v. Tsui Yuan Tseng,* 525 U.S. 155, 160-161 (1999). In that case, the Supreme Court reversed the Second Circuit Court of Appeals and held that the Warsaw Convention created the exclusive remedy for causes of action within its scope. After an exhaustive review of the treaty provisions, the Court concluded that the "text, drafting history, and underlying purpose of the Convention, in sum, counsel us to adhere to a view of the treaty's exclusivity shared by our treaty partners." *Id.* at 176.

The Supreme Court confirmed in *Tseng* that the Convention provides a "comprehensive scheme of liability rules," *Id.* at 169; *see Olympic Airways v. Husain,* 540 U.S. 644, 649 n. 5, (2004) (the Court reviewed the Convention's provisions regarding liability, burden of proof, damage caps and other procedural and remedial provisions); *see also King v. American Airlines,* 284 F.3d 352, 356–57 (2d Cir.2002) ("the Warsaw Convention created a comprehensive

liability system to serve as the exclusive mechanism for remedying injuries suffered in the course of the international transportation of persons, baggage, or goods performed by aircraft") (internal quotation marks omitted). Accordingly, the Convention completely preempts those claims which fall within its scope.

As the Second Circuit stated *in King,* "the Supreme Court in *Tseng* held that the Convention's preemptive effect on local law extends to all causes of action for injuries to persons or baggage suffered in the course of international airline transportation, regardless of whether a claim actually could be maintained under the provisions of the Convention." *King v. Am. Airlines, Inc.*, 284 F.3d 352, 357 (2d Cir. 2002).

The legislative history confirms this:

> Article 29 of the Convention provides that actions for damages related to the carriage of passengers, baggage, and cargo, whether under the Convention, in contract, in tort, or otherwise, can only be brought subject to the conditions and limits of liability set out in the Convention.

S. Rep. No. 108-8, at 5 (2003).

Allowing Plaintiff to re-cast its delay claim as one for total non-performance is contrary to well-established law and would set a dangerous precedent which would open the door for passengers and cargo interests to avoid the uniform liability scheme of the Montreal Convention merely by arguing that because the flight was delayed and did not arrive at or before the estimated time of arrival stated on the ticket or waybill, the plaintiff can resort to conflicting state law. In its own words, Plaintiff claims damages for delay. (Am. Compl. ¶¶ 30, 43). As such, Plaintiff should not be allowed to circumvent the Montreal Convention's conditions and limits of liability based on an unsupported suggestion that it specifically bargained for two-day delivery. This suggestion is legally and factually unsupported.

## V.      Plaintiff's Remaining Contentions

Plaintiff characterizes the Apex Air Waybills as incomplete.   (ECF No. 30, p. 15).

However, Chapter II, Article 9 of the Montreal Convention provides that non-compliance with

Articles 4-8 (which concern waybills) "shall not affect the existence or the validity of the contract

of carriage, which, nonetheless, be subject to the rules of this Convention including those relating

to limitation of liability."[1]   Assuming Plaintiff's allegation is true for purposes of the motion is

dismiss, it is irrelevant. *See also AIG Prop. & Cas., Co. v. Fed. Express Corp.*, No. 15-CV-6316

(KBF), 2016 WL 305053, at *6 (S.D.N.Y. Jan. 25, 2016) (citing Article 9 and concluding

"regardless of FedEx's failure to comply with air waybill requirements, the two-year limitation

provision applies.").

Paragraph 64 of the Amended Complaint suggests that Apex should have been aware of

the need for expedited shipment of the masks due to the COVID-19 pandemic.   Footnote 9 of

Plaintiff's Opposition compares Plaintiff's business of buying products in China and re-selling

them at a substantial profit to transporting a heart for a heart-transplant.   However, it should be

noted that, like any other for-profit business, Plaintiff was attempting to turn a sizeable profit by

re-selling its goods for substantially more than what it paid.   Apex objects to any suggestion by

Plaintiff that, somehow, the global pandemic imposed a heightened duty of awareness on Apex.

## **CONCLUSION**

The allegations in Plaintiff's Amended Complaint, accepted as true only for purposes of

this Motion, establish that its claim is for delayed delivery of the cargo.   Plaintiff cannot escape

the undisputed fact that this cargo was shipped via air between two signatory nations to the

---

[1]    Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, opened for signature on May 28, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59, 1999 WL 33292734 (1999).

Montreal Convention.  To the extent Plaintiff alleges damage to a small portion of the cargo, Article 18 of the Convention governs.  The cases Plaintiff cites do not support its attempt to avoid the Convention's application by arguing that the failure to deliver the cargo within two days constitutes total non-performance of the contract of carriage.  Applicable law establishes that Plaintiff's five state law causes of action are pre-empted by the Montreal Convention because they contravene the liability and damage provisions provided therein.  Since Plaintiff's Complaint does not allege a cause of action under the Montreal Convention, it should be dismissed pursuant to Rule 12(b)(6).

Dated:  November 20, 2020
      New York, NY

                                      Respectfully submitted,
                                      Attorneys for Defendant
                                      Apex Logistics International (CN) Ltd.

                  By:          /s/ Timothy J. Nast
                         Timothy J. Nast (TN8578)
                         Tisdale Law Offices, LLC
                         200 Park Avenue, Suite 1700
                         New York, NY  10166
                         Tel:    212-354-0025
                         *tnast@tisdale-law.com*

**<u>CERTIFICATION OF SERVICE</u>**

I, Timothy J. Nast, certify that the foregoing pleading was filed on the Court's CM/ECF system on November 20, 2020.  Notification of the filing will be sent to all appearing Parties by operation of the CM/ECF system.


<u>          /s/ Timothy J. Nast          </u>