UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NEW FORTUNE, INC., :
                        Plaintiff, :
                                         : Case No.: 1:20-cv-04883 (DLC) (KNF)
           - against - :
                                        :
APEX LOGISTICS INTERNATIONAL (CN) LTD., :
AND AEROFLOT AIRLINES :
                                         :
                       Defendants. :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW OF AEROFLOT RUSSIAN AIRLINES
IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................. 1

Argument ..................................................................................................................................... 1

The Montreal Convention Preempts Plaintiff's Claims against Aeroflot ..................................... 1

I      The Montreal Convention Exclusively Governs and Preempts Claims That are Within its Substantive Scope ........................................................................................... 1

II      Plaintiff's Claims Against Aeroflot Are Within the Substantive Scope of the Montreal Convention ..................................................................................................... 2

         A.      Plaintiff's Delay Allegations Fall Within the Scope of Article 19 of the Montreal Convention ............................................................................................. 2

         B.      Plaintiff's Allegations of Damage Fall Within the Substantive Scope of Article 18 of the Montreal Convention ................................................................. 5

Conclusion ................................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AIG Property & Casualty, Co. v. Fed. Exp. Corp.*,
 No. 15-cv-6316, 2016 WL 305053 (S.D.N.Y. Jan. 25, 2016) ...............................................1, 6

*Batteries "R" Us Co. v. Fega Express Corp.*,
 No. 15-21507-Civ-Cooke/Torres, 2015 WL 4549497 (S.D. Fla. July 27, 2015) .....................6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................................................5

*Chattopadhyay v. Aeroflot Russian Airlines*,
 No. CV 11-00443, 2011 WL 13220279 (C.D. Cal. Aug. 17, 2011).........................................3

*El Al Israel Airlines, Ltd. v. Tseng*,
 525 U.S. 155 (1999)...............................................................................................................1, 2

*Eli Lilly & Co v. Air Exp. Int'l USA, Inc.*,
 602 F. Supp. 2d 1260 (S.D. Fla. 2009) .....................................................................................6

*Irabor v. Lufthansa Airlines*,
 No. CV 19-12087, 2019 WL 6619197 (D. Mass. Dec. 5, 2019) ..............................................3

*Kamanou-Goune v. Swiss Int'l Airlines*,
 No. 08 Civ. 7153, 2009 WL 874600 (S.D.N.Y. Mar. 27, 2009) ..............................................3

*Lokken v. Fed. Exp. Corp.*,
 No. 99 Civ. 0585, 2000 WL 193121 (S.D.N.Y. Feb. 16, 2000) ...............................................4

*Mas & Sons Jardiniers, Ltd. v. Florida W. Int'l Airways, Inc.*,
 177 So.3d 305 (Fla. Dist. Ct. App. 2015) .................................................................................4

*Nankin v. Cont'l Airlines, Inc.*,
 No. CV 09-07851, 2010 WL 342632 (C.D. Cal. Jan. 29, 2010) ..............................................3

*In re Nigeria Charter Flights Contract Litig.*,
 520 F. Supp. 2d 447 (E.D.N.Y. 2007) ......................................................................................2

*O'Gray v. British Airways PLC*,
 No. RDB-06-1020, 2007 WL 1378391 (D. Md. May 4, 2007) ................................................4

*Olaya v. Am. Airlines, Inc.*,
 No. 08-CV-4853, 2009 WL 3242116 (E.D.N.Y. Oct. 6, 2009)................................................4

*Onyeanusi v. Pan Am*,
 952 F.2d 788 (3d Cir. 1992)......................................................................................................4

*Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*,
    No. 6:16-cv-0003, 2016 WL 2756589 (S.D. Tx. May 9, 2016) ................................................3

*Shabotinsky v. Deutsche Lufthansa AG*,
    245 F. Supp. 3d 1018 (N.D. Ill. 2017) ...............................................................................3

*Sompo Japan Ins., Inc. v. Nippon Cargo Airlines, Co., Ltd.*,
    522 F.3d 776 (7th Cir. 2008) ..............................................................................................6

*Underwriters at Lloyds Subscribing to Cover Note B0753PC1308275000 v.
    Expeditors Korea, Ltd.*,
    882 F.3d 1033 (11th Cir. 2018) ..........................................................................................6

*Victoria Sales v. Emery Air Freight*,
    917 F.2d 705 (2d Cir. 1990) ................................................................................................6

*Vigilant Ins. Co. v. World Courier, Inc.*,
    No. 07 CV 194, 2008 WL 2332343 (S.D.N.Y. June 4, 2008) ........................................1, 5

*Vumbaca v. Terminal One Group Ass'n L.P.*,
    859 F. Supp. 2d 343 (E.D.N.Y. 2012) ................................................................................3

*Weiss v. El Al Israel Airlines, Ltd.*,
    433 F. Supp. 2d 361 (S.D.N.Y. 2006) .................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1

Convention for Unification of Certain Rules Relating to International
    Transportation by Air, signed at Warsaw October 12, 1929, 49 Stat. 3000
    (1934), T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 3 Av. L. Rep.
    (CCH) ¶¶ 27,011-54, as amended by the Protocol done at The Hague on
    September 8, 1955, 3 Av. L. Rep. (CCH) as amended by the Montreal
    Protocol No. 4 to Amend the Convention for the Unification of Certain Rules
    Relating to International Carriage by Air, signed at Warsaw on October 12,
    1929; ¶¶ 27,350-27,391 ............................................................................................... passim

Convention for the Unification of Certain Rules for International Carriage by Air,
    done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force
    November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734 ............. passim

iii

**Preliminary Statement**

Defendant AEROFLOT RUSSIAN AIRLINES (sued herein as "AEROFLOT AIRLINES" and hereinafter "Aeroflot"), by and through its attorneys, Condon & Forsyth LLP, respectfully submits this Reply Memorandum of Law in further support of the Defendants' Joint Motion for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the Amended Complaint for failure to state a claim upon which relief may be granted.[1]

**Argument**

**The Montreal Convention Preempts Plaintiff's Claims against Aeroflot**

**I**

**The Montreal Convention Exclusively Governs and Preempts
Claims That are Within its Substantive Scope**

Plaintiff first argues that the Montreal Convention serves merely as an affirmative defense and does not completely preempt claims arising within its scope.

To the contrary, "[c]ourts interpret the Montreal Convention as having complete preemptive effect over claims within its scope." *See Vigilant Ins. Co. v. World Courier, Inc.*, No. 07 CV 194, 2008 WL 2332343, at *4 (S.D.N.Y. June 4, 2008) (citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 175 (1999)). Thus, the applicability of the Montreal Convention "precludes passengers from bringing actions under local law." *Tseng*, 525 U.S. at 161; *AIG Property & Casualty, Co. v. Fed. Exp. Corp.*, No. 15-cv-6316, 2016 WL 305053, at *4 (S.D.N.Y. Jan. 25, 2016) (noting that "claims falling within the treaty's scope must comply with

---

[1] In its Opposition to this Joint Motion, Plaintiff raised certain issues or arguments that may apply differently to the two Defendants. Accordingly, Defendants Aeroflot and Apex Logistics International (CN) LTD. ("Apex") are submitting separate reply memoranda of law.

1

its terms for bringing a claim").[2]

For these reasons, the Montreal Convention preempts state law claims arising within its substantive scope.

## II

### Plaintiff's Claims Against Aeroflot
### Are Within the Substantive Scope of the Montreal Convention

**A.   Plaintiff's Delay Allegations Fall Within the Scope of Article 19 of the Montreal Convention**

Plaintiff asserts that this is a case of nonperformance, not delay, which would take the case outside the scope of Article 19 of the Montreal Convention. In support of this argument, Plaintiff relies on cases involving an air carrier's failure to transport a passenger. Plaintiff does not allege, however, that the part of the consignment that is the subject of this litigation ("the Subject Shipment") was not transported to its intended destination. Rather, the gravamen of the Amended Complaint is that the Subject Shipment arrived too late.

As explained in the cases cited by Plaintiff, courts construe claims as sounding in nonperformance only when the air carrier refuses to transport the passenger. In contrast, when the carrier "ultimately provided plaintiffs with transportation," courts find that the passengers were delayed and the resulting claims are governed by the Montreal Convention. *See, e.g.*, *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 453 (E.D.N.Y. 2007) (collecting

---

[2] All of the cases Plaintiff cites in support of this point are from outside the Second Circuit, and all address the question of whether an action may be removed from state court to federal court under the doctrine of "complete preemption"; courts are mixed on whether the Montreal Convention is a complete preemption statute providing a basis for federal subject matter jurisdiction. That question is not at issue in this lawsuit (which Plaintiff originally commenced in this Court). The question for this Court is one of ordinary preemption, specifically whether the Convention preempts state law claims within its scope. Every court in the Second Circuit that has faced this question has answered in the affirmative in the twenty-one years since the *Tseng* decision in 1999.

2

cases and holding that plaintiffs' claims that the air carrier refused to transport them and did not offer alternate transportation sounded in nonperformance).[3]

Indeed, "[t]he cases consider 'delay' under Article 19 to mean that the air carrier properly delivered baggage or persons to the appropriate destination but did so in an untimely manner." *See Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F. Supp. 2d 343, 366 (E.D.N.Y. 2012); *see also Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-cv-0003, 2016 WL 2756589, at *21 n.24 (S.D. Tx. May 9, 2016) (applying the Montreal Convention to plaintiff's claims for damages sustained when his baggage was not timely delivered, and rejecting plaintiff's argument that the claim was one for nonperformance, since plaintiff "ultimately received his baggage"), *report and recommendation adopted*, 2016 WL 11088850 (June 21, 2016); *Chattopadhyay v. Aeroflot Russian Airlines*, No. CV 11-00443, 2011 WL 13220279, at *10 (C.D. Cal. Aug. 17, 2011) (holding that "[w]hen a plaintiff simply suffers a travel delay, his claims fall within the scope of the Convention"); *Shabotinsky v. Deutsche Lufthansa AG*, 245 F. Supp. 3d 1018, 1023 (N.D. Ill. 2017) (Claim construed as alleging delay because plaintiff did not assert that the air carrier failed to perform its obligation to transport him, only that it failed to do so on time).

Likewise, courts uniformly hold that claims for untimely or late delivery of cargo are governed by the Warsaw or Montreal Convention (as applicable). Many of these cases involve circumstances in which the carrier knew that delivery of the shipment was time sensitive. *See,*

---

[3] *See also Kamanou-Goune v. Swiss Int'l Airlines*, No. 08 Civ. 7153, 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009) (construing allegation that carrier refused to allow passenger to board with improper travel documents as claim for nonperformance); *Irabor v. Lufthansa Airlines*, No. CV 19-12087, 2019 WL 6619197, at *6 (D. Mass. Dec. 5, 2019) (construing allegation that defendant failed to offer alternate travel arrangements as claim for nonperformance); *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 369 (S.D.N.Y. 2006) (construing allegation of denied boarding due to overbooking flight as claim for nonperformance); *Nankin v. Cont'l Airlines, Inc.*, No. CV 09-07851, 2010 WL 342632, at *7 (C.D. Cal. Jan. 29, 2010) (construing allegations that air carrier failed to assist passenger, seized his boarding pass, and informed him he would be barred from travel, as claim for nonperformance).

3

*e.g.*, *Onyeanusi v. Pan Am*, 952 F.2d 788, 793 (3d Cir. 1992) (Warsaw Convention applied to claim for lengthy delay in transportation of human remains); *Olaya v. Am. Airlines, Inc.*, No. 08-CV-4853, 2009 WL 3242116, at *2 (E.D.N.Y. Oct. 6, 2009) (Montreal Convention applied to claim for lengthy delay in transportation of human remains, which also involved allegation that air carrier originally sent the shipment to the wrong country); *O'Gray v. British Airways PLC*, No. RDB-06-1020, 2007 WL 1378391, at *3 (D. Md. May 4, 2007) (Warsaw Convention applied to claim arising from lengthy delay in delivery of smoked fish); *Mas & Sons Jardiniers, Ltd. v. Florida W. Int'l Airways, Inc.*, 177 So.3d 305, 307 (Fla. Dist. Ct. App. 2015) (Montreal Convention applied to claims arising from delay in delivery of produce); *Lokken v. Fed. Exp. Corp.*, No. 99 Civ. 0585, 2000 WL 193121, at *2 (S.D.N.Y. Feb. 16, 2000) (Warsaw Convention applied to plaintiff's claim arising from delayed arrival of shipment).

Here, Plaintiff does not allege that Aeroflot failed to transport the shipment. Quite the opposite, Plaintiff expressly alleges that the Second Shipment was transported from China to the United States, and that its late arrival resulted in damages. Accordingly, Plaintiff's claims fall squarely within the scope of Article 19 of the Montreal Convention.

Finally, Plaintiff alleges that Apex agreed to ship the consignment directly from China to the United States. Notwithstanding the question of whether the existence of such a contract would take this case outside the purview of the Montreal Convention, there is no allegation that Aeroflot was a party to any such agreement. Thus, Plaintiff cannot base its claims against Aeroflot on this alleged agreement.

For these reasons, Plaintiff's claims against Aeroflot arise under Article 19 of the Montreal Convention.

**B.      Plaintiff's Allegations of Damage Fall Within the Substantive Scope of Article 18 of the Montreal Convention**

The original Complaint sought damages arising solely from the delay in the Subject Shipment. The Amended Complaint contains a single, bare allegation regarding damage to the Subject Shipment: "upon information and belief, at least six (6) crates of Masks in the Aeroflot Shipment were damaged." Am. Compl. ¶ 32. Plaintiff asserts that Article 18 of the Montreal Convention does not apply to this damage because it is "conceivable" that the damage occurred outside the bounds of an airport: either when the masks were being crated by Apex (which Plaintiff asserts took place three days before lading), or when the shipment was "sitting someplace or other" in Moscow. Pl.'s Opp. [Dkt. 30] at 2 n.2; 15.

Plaintiff's hypothetical, conclusory statement about a "conceivable" possibility fails to take this case outside the scope of the Montreal Convention with respect to Aeroflot. As an initial matter, a plaintiff must allege facts in the Complaint which "nudge [its] claims across the line *from conceivable to plausible*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). In any case, Plaintiff expressly alleges in the Amended Complaint that "the Shipment obviously sat in the airport in Moscow for more than 20 days." Am. Compl. ¶ 32. Thus, the plain language in the Amended Complaint extinguishes any "conceivable" possibility that the shipment was located anywhere other than at the airport while it was in Russia.

As discussed in Aeroflot's original moving papers, Article 18 of the Montreal Convention is the exclusive means for recovery of damage to cargo shipped between member states, and Article 18(3) defines "carriage by air" as "the period during which the cargo is in the charge of the carrier." Montreal Convention art. 18(3). To the extent the damage is alleged to have occurred while the shipment was in storage, courts routinely hold that the Article 18 applies to claims arising from damage to cargo while in storage. *See, e.g*, *Vigilant Ins. Co.*, 2008 WL

5

2332343, at *3-*4 (Damage to a shipment while it was in storage in a warehouse constituted "carriage by air" under Article 18.); *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines, Co., Ltd.*, 522 F.3d 776, 781 (7th Cir. 2008) (noting that the Warsaw Convention applied to an action for damage to a shipment that occurred while it was being transferred from a loading dock in the carrier's cargo facility to a truck); *Batteries "R" Us Co. v. Fega Express Corp.*, No. 15-21507-Civ-Cooke/Torres, 2015 WL 4549497, at *3 (S.D. Fla. July 27, 2015) (Montreal Convention applied to an action for theft of a shipment that was housed in a warehouse prior to air transportation); *Eli Lilly & Co v. Air Exp. Int'l USA, Inc.*, 602 F. Supp. 2d 1260, 1269 (S.D. Fla. 2009) (Montreal Convention applied to damage to a shipment of perishable items that were left outside in freezing temperatures before being loaded onto an aircraft), *aff'd in part and rev'd in part on other grounds*, 615 F.3d 1305 (11th Cir. 2010). Accordingly, that the alleged damage could have occurred while it was in storage between flights is immaterial.[4]

---

[4] Notwithstanding the unambiguous allegations in the Amended Complaint, Plaintiff hypothesizes that the damage could have occurred somewhere else in Moscow, and makes the misguided argument that the scope of Article 18 of the Montreal Convention "excludes any transportation by land outside of the airport" and extends no farther than "the confines of the airport's boundaries." Pl.'s Opp. at 14. Plaintiff appears to be relying on case law interpreting Article 18 of the Warsaw Convention, which is materially different from Article 18 of the Montreal Convention. Pl.'s Opp. at 14 (citing *Victoria Sales v. Emery Air Freight*, 917 F.2d 705, 708-09 (2d Cir. 1990)). Article 18(3) of the Montreal Convention "neither restricts carriage by air to the time when the cargo is actually aboard an airplane nor limits it geographically, such as confining it to within an airport." *See Underwriters at Lloyds Subscribing to Cover Note B0753PC1308275000 v. Expeditors Korea, Ltd.*, 882 F.3d 1033, 1040 (11th Cir. 2018) (noting that the dissent in *Victoria Sales* rejected the notion that "carriage by air" ended at the airport boundary, and finding that dissent "especially persuasive as applied to the Montreal Convention"); *see also AIG Property & Casualty, Co.*, 2016 WL 305053, at *6 (contrasting the scope of Article 18 in the Montreal and Warsaw Convention). Additionally, in an Explanatory Note accompanying the Montreal Convention when it was sent to the United States Senate for ratification, the State Department explained that when defining the scope of Article 18 of the Montreal Convention, the drafters intended "to make clear that the Convention applies whenever and wherever the cargo is in the possession, custody, or charge of the carrier, whether on or off airport premises." *See* S. Treaty Doc. No. 106-45 art. 18(3) (internal quotations omitted). Thus, while Plaintiff asserts that application of the Montreal Convention to damage occurring outside

6

Finally, to the extent Plaintiff alleges that the damage took place days before the shipment was tendered to Aeroflot, this would extinguish any liability against Aeroflot, and Plaintiff fails to provide any basis for imputing this conduct to Aeroflot.

### Conclusion

For the foregoing reasons, Defendant AEROFLOT RUSSIAN AIRLINES respectfully requests that the Court grant Defendants' Motion and dismiss the Amended Complaint, with prejudice, for failure to state a claim upon which relief may be granted.

Dated:   New York, New York
         November 20, 2020

Respectfully submitted,

CONDON & FORSYTH LLP

By _____
Anthony U. Battista (AB 0783)
abattista@condonlaw.com
Marissa N. Lefland (ML 8217)
mlefland@condonlaw.com
7 Times Square - 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

*Attorneys for Defendant*
*AEROFLOT RUSSIAN AIRLINES*

---

an airport would be an "impermissible judicial amendment of the Convention," this position is incompatible with, and unsupported by, both the plaintiff language of the Convention and its drafting history.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                            : ss.:
COUNTY OF NEW YORK    )

Beatriz Romero, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Monroe, New York.  That on the 20th day of November 2020 deponent served the within REPLY MEMORANDUM OF LAW OF AEROFLOT RUSSIAN AIRLINES IN FURTHER SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS upon:

| | |
|---|---|
| Louis J. Maione, Esq.<br>LOUIS J. MAIONE, P.C.<br>louisjmaione3@gmail.com<br>303 East 57th Street, 30th Floor<br>New York, New York 10036<br><br>Attorney for Plaintiff<br>NEW FORTUNE, INC. | Timothy J. Nast, Esq.<br>TISDALE LAW OFFICES LLC<br>tnast@tisdale-law.com<br>200 Park Avenue, Suite 1700<br>New York, New York 10166<br><br>Attorneys for<br>APEX LOGISTICS INTERNATIONAL (CN) LTD. |

at the address designated by said attorneys for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
BEATRIZ ROMERO

Sworn to before me this
20th day of November 2020

_____
NOTARY PUBLIC

MARIA L. PAGAN
Notary Public, State of New York
No. 01PA4670337
Qualified in Queens County
Commission Expires Oct. 31, 2022