UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New Fortune, Inc.,<br><br>          Plaintiff,<br><br>  -against-<br><br>Apex Logistics International (CN) Ltd., and Aeroflot Airlines,<br><br>          Defendants. | 20 Civ. 04883 |

**MEMORANDUM OF LAW OF NEW FORTUNE, INC. IN SUPPORT
OF MOTION FOR RECONSIDERATION**

               **Law Offices of Louis J. Maione, Esq. (8589)**
               **303 East 57th Street, 30th Floor**
               **New York, N.Y. 10022**
               **(917) 549-5693**
               **Attorney for Plaintiff**

# TABLE OF CONTENTS

**Page**

**TABLE OF CASES** ............................................................................................................... ii

**PRELIMINARY STATEMENT** ..........................................................................................1

**PROCEDURAL HISTORY** .................................................................................................1

**LEGAL STANDARD FOR REVIEW** ................................................................................1

**THE COURT'S DECISION** ................................................................................................2

    **Nonperformance of Contract** ..................................................................................2

    **Damage to Bailment** ................................................................................................9

**CONCLUSION** ...................................................................................................................10

# **TABLE OF CASES**

**Page**

**Cases**

*Irabor v. Lufthansa,*
   (D. Mass. 2019, 19-cv-12087-FDS) ....................................................................................... 5

*Burke v. Verizon*,
   No. 18 Civ. 4496 (PGG) ........................................................................................................ 3

*Cortec Indus., Inc. v. Sum Holding*,
   L.P. 949 F.2d 42 (2d Cir. 1991) ............................................................................................. 5

*Cruz v. TD Bank, N.A.*,
   742 F. 3d 520 (2d Cir. 2013) .................................................................................................. 5

Diggs v. City of N.Y.,
   Slip Copy (2018), 2018 WL 5924413, *5 ............................................................................. 4

*El Al Airlines* v. *Tseng,*
   525 U.S. 155, 119 S. Ct. 662 (1999) ...................................................................................... 9

*Greenwald v. Orb Commc'ns & Mktg., Inc.,*
   No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) ............. 2

*In re Gildan Activewear, Inc. Sec. Litig.,*
   No. 08 Civ. 5048(HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009) ........................... 2

*In re Nigeria Charter Flights Contract Litig.,*
   520 F.Supp.2d 447  (E.D.N.Y.2007) ............................................................................ 9, passim

*Kamanou-Goune v. Swiss Int'l Airlines,*
   2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009) ................................................................ 6

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,*
   729 F.3d 99 (2d Cir. 2013) ..................................................................................................... 2

*Lucente v. Int'l Business*,
   310 F. 3d 243 (2d Cir. 2002) .................................................................................................. 3

*McCarthy v. Manson,*
   714 F.2d 234 (2d Cir. 1983) ................................................................................................... 2

*Mikol v. Barnhart,*
   554 F. Supp. 2d 498 (S.D.N.Y. 2008) .................................................................................... 1

*Mullaney v. Delta Air Lines*,
   2009 U.S. Dist. LEXIS 51039 at *6-7, 08-cv-7324 (S.D.N.Y. 2009) ....................................... 9

*Nankin v. Continental Airlines, Inc.*,
   2010 WL 342632, at *6-8 (C.D. Cal. Jan. 29, 2010) ................................................................ 8

*Rogers v. Bank of New York Mellon*,
   2017 WL 41573776, (S.D.N.Y 2017, Pitman, M.,J.) ............................................................... 4

Seagate Logistics, Inc. v. Angel Kiss, Inc.,
   699 F. Supp. 2d 499 (E.D.N.Y. 2010) ..................................................................................... 10

*State Street Global v. Visbal,*
   431 F. Supp. 3d 322 (S.D. N.Y. 2020) ..................................................................................... 5

*Tata AIG Gen. Ins. Co; v. British Airways,*
   *2013 U.S. Dist. LEXIS 89830 *34-37* ..................................................................................... 12

*Victoria Sales v. Emery Air Freight,*
   917 F. 2d 705 (2d Cir. 1990) .................................................................................................. 12

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
   956 F.2d 1245 (2d Cir. 1992) ................................................................................................... 2

*Weiss v. El Al*,
   433 F. Supp. 2d 361 (S.D.N.Y. 2006) ...................................................................................... 7

*Wolgel v. Mexicana Airlines,*
   821 F.2d 442  (7th Cir. 1987) .................................................................................................. 7

## PRELIMINARY STATEMENT

Plaintiff, New Fortune, Inc. ("NFI" or "Plaintiff"), pursuant to Local Rule 6.3 of the Southern and Eastern District Courts of New York, and Rule 59 (e) of the Federal Rules of Civil Procedure ("FRCP"), by and through its counsel, Louis J. Maione, Esq., submits this Memorandum of Law in support of its Motion for Reconsideration of this Court's Order and Opinion ("Order"), dated January 29, 2021, whereby NFI's Amended Complaint was dismissed.

## PROCEDURAL HISTORY

On or about June 25, 2020, NFI filed a Summons and Complaint ("Complaint"). On October 2, 2020, before the defendants, Apex Logistics International (CN), Inc. ("Apex") and Aeroflot Airlines ("Aeroflot") (collectively the "defendants") answered the Complaint, the Plaintiff, as a matter of right, filed an Amended Complaint ("FAC"). In turn, on October 23, 2020, defendants, in consort, filed a Motion to Dismiss, contending, *inter alia,* that the Plaintiff's claims were preempted by, and governed exclusively by the Montreal Convention (Convention") and, as a result therefor, defendants were not liable in damages for, among other common law claims pleaded by Plaintiff under the law of New York, breach of contract, breach of bailment, and negligence; admitting only that they, the defendants, were liable to Plaintiff for damages as calculated under the Convention.

## LEGAL STANDARD FOR REVIEW

A motion for reconsideration under Rule 59(e) must be made within twenty-eight (28) days after the entry of judgment. Under Local Civil Rule 6.3, reconsideration may be granted where the Court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion...and which, had they been considered, might have reasonably altered the result." *Mikol v. Barnhart,* 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting

*Greenwald v. Orb Commc'ns & Mktg., Inc.,* No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)). Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)). Whether to grant or deny a motion brought under Local Rule 6.3 is within "the sound discretion of the district court." *In re Gildan Activewear, Inc. Sec. Litig.,* No. 08 Civ. 5048(HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009); *see also McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir. 1983).

## THE COURT'S DECISION

In its Order (p.7), the Court ruled, *inter alia*, that the FAC did not allege nonperformance of contract, which is not governed by the Convention and, therefore, Plaintiff could not avail itself of the argument that Article 19 of the Convention did not apply to the facts of this case. Unfortunately, the Court was wrong.

**Nonperformance of Contract**

Black's Legal Dictionary, 2d Ed., defines "nonperformance" as "a failure to perform an obligation, *failure to perform according to contractual terms*." A failure to perform a contractual obligation is a breach of contract; a nonperformance of a contractual obligation. Plaintiff pleaded breaches of contract and bailment in its FAC, i.e., nonperformance.

In considering a Motion to Dismiss a Complaint, a Court must freely grant a litigant a right to re-plead. *Burke v. Verizon*, No. 18 Civ. 4496 (PGG); *Lucente v. Int'l Business*, 310 F. 3d 243 (XXXX). See also R. 15(a) of the FRCP.

A fair reading of the FAC clearly indicates a claim for breach of contract for *nonperformance,* and even if the Court considered that the FAC either was not artfully drafted or not specifically pleaded as such, NFI's Memorandum of Law in Opposition to the Motion to

Dismiss ("Memorandum") clearly argued nonperformance, citing prevailing law supporting that premise, and proffered why, under the circumstances of this case, the extraordinary delay actually was tantamount to nonperformance because it breached the terms of the contract of carriage.

It would be a manifest injustice for the Court not to have denied the Plaintiff right to plead a nonperformance of contract under the circumstances if its Decision merely was predicated on the cause of action not having been pleaded artfully, especially given the argument and case law cited in Plaintiff's Memorandum in support of why the case at bar is palpably nothing more than nonperformance of a contract rather than one for delay.

Moreover, the Plaintiff appended to the FAC the two air bills ("Air Bills") which clearly identified *evidence establishing that the contract of carriage* specifically providing for delivery *on a direct flight from China to New York, and in two days*. The reasons for the terms of that contract insisted upon by Plaintiff were clearly spelled out in both the FAC and the Plaintiff's Memorandum. The Court either overlooked that data, disregarded it, or reached an erroneous conclusion in respect of the terms of those Air Bills, merely reciting that the second shipment of the non-surgical facemasks ("Masks") were delayed. Reconsideration was warranted where the Court determined that identified evidence submitted on the motion supported the position of the movant. *Rogers v. Bank of New York Mellon*, 2017 WL 41573776, (S.D.N.Y 2017, Pitman, M.,J.). See also, Diggs v. City of N.Y., Slip Copy (2018), 2018 WL 5924413, *5 (in the "interests of justice") (leave to amend should be "freely given").

And, the United States Court of Appeals for the Second Circuit ("2d Cir.") has determined even in cases where the district court properly has dismissed *"…it is the usual practice upon granting [the] motion…to allow leave to replead." Cruz v. TD Bank, N.A*., 742 F.

3

3d 520, 523 (2d Cir. 2013), citing, *Cortec Indus., Inc. v. Sum Holding*, L.P. 949 F.2d 42, 48 (2d Cir. 1991) ("Although leave to replead is within the discretion of the district court, *refusal to grant it without any explanation is an abuse of discretion."*). See also, *State Street Global v. Visbal,* 431 F. Supp. 3d 322 (S.D. N.Y. 2020).

Whether under the terms of the contracts submitted as exhibits to the Memorandum there was a delay or nonperformance is a fact *not to be decided by the Court on a motion to dismiss*. It is a question of fact for the trier of fact, not the Court on such a motion to dismiss. Improperly resolving issues of material fact on a motion to dismiss or for summary judgment warrants reversal. *Lucente, supra*.

Furthermore, the Court appears to have overlooked controlling decisions supporting nonperformance as opposed to delay, even if, in the Court's opinion, that cause of action were not artfully pleaded in the FAC. Article 19 of the Convention governs claims for delay in international transportation for passengers, baggage or Cargo. But, "[t]he plain language of Article 19 of the Montreal Convention indicates that it governs claims for delay**, *not nonperformance*** ."*Irabor v. Lufthansa,* (D. Mass. 2019, 19-cv-12087-FDS) citing, *In re Nigeria Charter Flights Contract Litig.,* 520 F. Supp. 2d 447, 452-453, 455 (E.D.N.Y. 2007).

"[W]here a plaintiff claims total nonperformance of the contract, courts scrutinize the facts to determine whether the claim, however founded, actually arose out of a delay in transportation." *Kamanou-Goune v. Swiss Int'l Airlines,* 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009). However, "…the carrier shall not be liable for damage caused by delay if it proves that it and its servants and agents took all measures that could be reasonably required to avoid the damage or that it was impossible for it or them to take such measures." *In re Nigeria*, at 452-453. *This is the Defendants' burden.* And, here, neither defendant proffered any reason

4

whatsoever for the failure to lade the cargo on a direct flight as contracted for, and one which was deigned to arrive in two days per the agreement between the parties.

The contract between Apex and the Consignee called for a direct flight from Pudong to New York *with a two day delivery*. And, for good reason! That was the contract; that was what they bargained for, and that for which the Plaintiff paid and required.

The defendants here would have to prove that they took all measures to avoid the disastrous result, that is the inordinate the delay *which in this case amounted to a complete nonperformance,* or that it was impossible to avoid.

Moreover, these are questions of fact *not to be adjudicated on a motion to dismiss.* Unconfirmed throwaway lines and excuses such as "overbooking" or "problem with the plane in Russia," etc. are disputed facts an d should not carry the day especially when considering why Apex put the shipment on anything but a direct flight in the first place, and on anything but a flight that was to land in New York in two (2) days. Both failures are a breach of the contract of carriage; nonperformance of their contracted for obligation resulting in damages to the Plaintiff because the Masks needed to be delivered within days in order to fulfill a contract on its end with a purchaser. So, whether there was a problem with the plane in Russia is of no moment. The shipment should not have been on anything but a direct, two-day flight! And, if otherwise, Apex needed to apprise the Consignor for the reasons previously stated in Plaintiff's Memorandum, *including giving the Consignor alternate arrangement choices, or giving Consignor the opportunity to seek alternate means on its own.* But, defendants never offered alternate shipping arrangements or the opportunity for the Consignor/Consignee to choose that alternate opportunity and, as such, defendants cannot avail themselves of an Article 19 affirmative defense. See also *Weiss v. El Al*, 433 F. Supp. 2d 361, 367 (S.D.N.Y. 2006)

A number of courts have held that where an airline prevents a plaintiff from boarding a flight and does not offer alternate travel arrangements, then the plaintiff's claim arises out of *nonperformance and is not preempted by Article 19 of the Convention*. Here, Apex prevented the Masks from ever reaching New York per the agreement when it laded them on a plane destined to sit in Moscow for three weeks. The Consignee did not get the benefit of the bargain for which it contracted; a two day delivery on a direct flight; but, more importantly, Plaintiff could not do a thing about it because by the time it was informed, the shipment was sitting somewhere in Moscow. This is not a delay; this is non-performance! And the Court appears to have overlooked those cases which distinguish nonperformance from delay. *See Wolgel v. Mexicana Airlines,* 821 F.2d 442, 444-45 (7th Cir. 1987) (interpreting parallel provision in Warsaw Convention); *Nankin v. Continental Airlines, Inc.,* 2010 WL 342632, at *6-8 (C.D. Cal. Jan. 29, 2010); *Kamanou-Goune,* 2009 WL 874600, at *5; *In re Nigeria Charter,* 520 F. Supp. 2d at 454-56.

On the present record, nonperformance is the case here. Apex failed to put the Cargo on a direct flight to New York and both Apex and Aeroflot failed to offer alternative arrangements. In fact, as pleaded, Apex did no more than proffer one excuse after another for why the Masks did not get shipped on the Air China flight, and why the Masks never left Moscow. The inference, or perhaps the immutable fact, is that Apex knew it had breached the contract.

There is no indication in the record that defendants informed Plaintiff that it was putting half the Shipment on an indirect flight—a breach—and, to be truthful, the Consignor never would have agreed. Moreover, there was no offer to Plaintiff of alternate arrangements. Thus, Defendants, in essence, bumped the Shipment from the contracted for direct flight, and breached that contract of carriage by putting half the Shipment on a flight that was not scheduled to arrive

6

in New York for weeks. [1] Defendants, therefor, never showed why Article 19 applies as an affirmative defense when it failed to explain why it did not live up to the terms of the contract. It is a question of fact for the trier of fact to determine whether it was a mere delay or that of nonperformance, not for the Court on a motion to dismiss.

The reasoning of *Wolgel, supra, is* persuasive but overlooked by the Court. The plain language of Article 19 of the Montreal Convention indicates that it governs claims for delay, *not nonperformance.* Moreover, as the Seventh Circuit has explained, the drafting history of the Warsaw Convention's Article 19 — whose pertinent language is identical to its Montreal Convention counterpart — *clearly indicates that it was not intended to cover claims for nonperformance.* As already noted, the Supreme Court has observed of the Warsaw Convention, whose preemptive effect is the same as that of the Montreal Convention, is that "[its] preemptive effect on local law extends no further than [its] own substantive scope." *El Al Airlines* v. *Tseng,* 525 U.S. 155, 172, 119 S. Ct. 662 (1999). Because NFI's state law claims were grounded on nonperformance, not delay within the substantive scope of Article 19, irrespective of any possible infirmity in the pleading, the Court should have found that Article 19 does not preempt Plaintiff from pursuing its claims. *In Re: Nigeria Charter Flights Contract Lit.,* 520 F. Supp. 2d 447 (E.D.N.Y. 2007). The breach of the bailment by Apex is palpable. The terms of the contract were clear. As stated by the Court in *Mullaney v. Delta Air Lines*, 2009 U.S. Dist. LEXIS 51039 at *6-7, 08-cv-7324 (S.D.N.Y. 2009) (McMahon, J.), "defendant characterizes its failure to transport the plaintiff from Paris to New York due to the Air France strike as a 'delay.' I, like plaintiff, disagree. Plaintiff is seeking damages resulting from Delta's refusal to provide him with any flight home after having taken his money for a ticket—*in short to perform its obligation*

---

[1] Not giving NFI the opportunity to choose alternate arrangements on its own, in light of Apex's failure to do so, is actionable.

7

*to provide carriage in exchange for money it had received. That is not delay—it's non-performance….not preempted by Article 19 of the Convention."* There is no difference in the case at bar and this Court did not distinguish *Mullaney*; this was not a case of delay but one of nonperformance. For if one were to follow the Court's reasoning, a delivery, three, four, five years after the fact could never be deemed anything more than a "delay." That premise obviously is preposterous and so it is a question of fact for the trier of fact, not the district court on a motion to dismiss, to decide whether in light of the contractual terms there was a mere delay or abject nonperformance.

Claims for nonperformance of a shipping contract do not fall within the scope of the Montreal Convention. *See Kamanou-Goune*, 2009 WL 874600, at *4 (finding action was improperly removed to federal court where nonperformance of contract claim fell outside of scope of Montreal Convention and defendant failed to proffer any other basis for federal subject matter jurisdiction); *Weiss,* 433 F.Supp.2d at 368-69 (finding plaintiffs' claims were grounded in non-performance of contract redressable under local law and were therefore not preempted by the Montreal Convention); *see also* <u>Mullaney, 2009 WL 1584899, at *2</u> (holding claims sounding in nonperformance of contract were not preempted by the Montreal Convention);  *In re Nigeria Charter Flights Contract Litig.,* 520 F.Supp.2d 447, 453-456 (E.D.N.Y.2007) (same).Seagate Logistics, Inc. v. Angel Kiss, Inc., 699 F. Supp. 2d 499, 506 (E.D.N.Y. 2010).

Of course, generally speaking, one cannot dress up delay as nonperformance simply to avoid falling within the purview of the Convention. However, *that logic is not applicable to a contract where delay would be tantamount to nonperformance* and, more importantly, a delay without any explanation or without any ascertained reason, *and no offer of alternate carriage;* facts overlooked by this Court**.**

The defendants took the Plaintiff's money for transportation of cargo on a direct flight to New York in two days, not twenty. It breached a material term of the contract morphing a delay into nonperformance and this clearly is a question of fact which a reasonable juror could conclude to be the case. Defendants did not perform that contract.

**Damage to Bailment**

It is axiomatic that on a motion to dismiss, the district court is precluded from determining facts. Here, the Court concluded that "[to] the extent either of these defendants is liable for the damage to the masks, it is due to their role in shipping the masks by air. This is just as true for Apex as it is for Aeroflot." As pointed out in Plaintiff's Memorandum, this interpretation by the Court would effectively render nugatory Article 18 of the Convention which provides that "[t]he period of the transportation by air shall not extend to any transportation by land ... performed outside an airport." As also pointed out in Plaintiff's Memorandum, and the cases cited therein, this cannot be the result intended by the Convention's drafters, especially in the instant matter when the Masks, for a period of twenty or so days, were somewhere in Russia, and not necessarily on any plane or part of any air transportation. This is a pure question of material fact which cannot be decided on a motion to dismiss. A district court cannot on a motion to dismiss make such a finding.

While the Court characterized Plaintiff's argument as "speculative" it overlooked prevailing case law which teaches that the presumption that the damage occurred on board or within the confines of an airport during *may be rebutted by evidence demonstrating that the loss occurred on land outside the airport. Victoria Sales v. Emery Air Freight,* 917 F. 2d 705, 708-709 (2d Cir. 1990); See also *Tata AIG Gen. Ins. Co; v. British Airways, 2013 U.S. Dist. LEXIS 89830 *34-37.*

9

Article 18, per the suggestion of the Defendants, does not limit the meaning of "transportation by air" to "actual" air transportation. Rather, as the plain language of Article 18 directs, "transportation by air" would include a loss occurring while the Cargo was in the air *or* on the ground but within the confines of the airport's boundaries. Reaching the conclusion that the damage must have occurred during transportation is as speculative as any because for almost three weeks the Masks *were anyplace but in transportation* and *anyplace but on a plane.* Again, questions of material fact not to be determined on a motion to dismiss, where all inferences must be resolved in favor of the Plaintiff.

## **CONCLUSION**

For the reasons stated herein, the least of which is that leave to amend should be freely granted, Plaintiff's motion for reconsideration should be granted and the Plaintiff allowed to re-plead as per the teachings of the Second Circuit.

February 11, 2021
New York, N.Y.                                         LOUIS J. MAIONE, P.C.

By: *Louis J. Maione*
Louis J. Maione, Esq. (8589)
303 East 57th Street, 30th Fl.
New York, N.Y. 10022
(917) 549-5693
Attorney for Plaintiff

10