```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
NEW FORTUNE, INC.,                       :
                                         :
                    Plaintiff,           :    20cv4883 (DLC)
                                         :
              -v-                        :    MEMORANDUM OPINION
                                         :         AND ORDER
APEX LOGISTICS INTERNATIONAL (CN) LTD.,  :
and AEROFLOT AIRLINES,                   :
                                         :
                    Defendants.          :
                                         :
-----------------------------------------X
```

APPEARANCES:

For the plaintiff:
Louis J. Maione
Law Offices of Louis J. Maione
303 E. 57th Street, 30th Fl.
New York, NY 10022
917-549-5693

For defendant Apex Logistics International (CN) Ltd.
Timothy James Nast
Tisdale & Nast Law Office, LLC
200 Park Avenue
Suit 1700
New York, NY 10166
212-354-0025

For defendant Aeroflot Airlines
Anthony Battista
Marissa Lefland
Condon and Forsyth LLP (NYC)
7 Times Square
New York, NY 10036
212-370-4453

DENISE COTE, District Judge:

　　On February 11, 2021, New Fortune Inc. ("New Fortune") moved for reconsideration of the January 29, 2021 Opinion (the

"January 29 Opinion"), which granted the defendants' motions to dismiss all New Fortune's claims. The motion for reconsideration is denied.

The January 29 Opinion is incorporated by reference, and familiarity with it is assumed. See New Fortune, Inc. v. Apex Logistics Int'l (CN) Ltd., No. 20CV4883 (DLC), 2021 WL 309850 (S.D.N.Y. Jan. 29, 2021). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). The standard for granting a motion for reconsideration is "strict." Cho, 991 F.3d at 170.

New Fortune has not satisfied the standard for a motion for reconsideration. New Fortune contends that the Montreal Convention covers claims for delay but not for nonperformance and that the January 29 Opinion erred in finding that the first amended complaint ("FAC") alleged delay of a contract rather than nonperformance. The January 29 Opinion addressed New Fortune's argument about nonperformance and held that the FAC alleged damages occasioned by delay in delivery and damage to the delivered goods. See January 29 Opinion at * 3. A disagreement with the Opinion's analysis is not a ground for reconsideration.

New Fortune next argues that the January 29 Opinion improperly decided issues of fact reserved for a jury. This is incorrect. The January 29 Opinion determined that New Fortune alleged claims that are preempted by the Montreal Convention. A decision on preemption is made by a court.

Finally, New Fortune argues that it should have been granted leave to replead. New Fortune was already given the opportunity to file an amended complaint. An Order of September 25 permitted New Fortune to file an amended complaint after defendant Aeroflot filed an answer, and New Fortune took advantage of the opportunity and filed the FAC. In opposing the defendants' motions to dismiss, New Fortune did not request a second opportunity to amend. Finally, New Fortune does not

identify what additional amendments it would like to make to its pleading or attach a proposed second amended complaint. There is no error in not sua sponte giving New Fortune a second opportunity to amend in these circumstances. See Horoshko v. Citibank, N.A., 373 F.3d 248, 249-50 (2d Cir. 2004) (A district Court is "under no obligation to provide the [plaintiffs] with leave to amend their complaint, much less provide such leave sua sponte.")

## Conclusion

New Fortune's February 11, 2021 motion for reconsideration is denied.

Dated:   New York, New York
         April 16, 2021

                                           _____
                                           DENISE COTE
                                           United States District Judge